# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Michael A. Bacon,

      Plaintiff

v.

Core Civic, et al.,

      Defendants

Case No.: 2:20-cv-00914-JAD-VCF

**Order Screening First Amended Complaint, Dismissing Action, Denying Motions, and Closing Case**

[ECF Nos. 11, 12, 13, 14, 16, 21, 25]

Federal inmate Michael A. Bacon brings this civil-rights action, claiming that his Eighth Amendment rights were violated because he was subjected to unsafe conditions and denied medical care while he was housed at Core Civic's Nevada Southern Detention Center (NSDC). Because Bacon is proceeding in forma pauperis, I screened his original complaint, found he did not—and likely could not—state the *Bivens* claims he was intending to pursue, and I gave him leave to amend with detailed instructions. Unfortunately, Bacon's amended complaint only confirms that he cannot state viable claims. So, after this second screening, I dismiss his claims with prejudice, deny all of his pending motions as moot, and close this case.

## Background

### A.     Procedural background

Bacon filed this action in the summer of 2020, claiming that he was suffering constitutional violations because conditions of confinement at the private prison where he was held potentially could expose him to the COVID-19 virus and because inmates at that facility were not being released early to home confinement under the CARES Act. Among other things, he prayed for monetary damages and injunctive relief forcing the facility to change its policies on COVID-19 testing and the process for releasing inmates to home confinement. In a 23-page

screening order, I carefully evaluated Bacon's *Bivens*[1] claims.[2]  I dismissed the claims against Core Civic with prejudice because Core Civic is a private company operating the Nevada Southern Detention Center under a contract with the United States Department of Justice and is not subject to suit under *Bivens*.  I also dismissed the remaining *Bivens* claims with leave to amend[3] and I provided him with guidance about the limited circumstances under which *Bivens* claims may be available.[4]  I advised Bacon that it was very unlikely that he would be able to state a colorable *Bivens* claim under these circumstances, but with the Ninth Circuit's liberal amendment policy, particularly with pro se plaintiffs, I gave him leave out of an abundance of caution.[5]  And because Bacon's original complaint contained allegations of ongoing unsafe conditions at NSDC, I also gave him guidance for filing a non-*Bivens* action seeking injunctive relief under 28 U.S.C. § 1331 based on constitutional claims such as an Eighth Amendment claim.  I told him that, if he brought such a claim, he must make that clear and must identify specific requested injunctive relief narrowly targeted to an alleged Eighth Amendment claim.[6]

Based on the expectation that Bacon would file a complaint with claims for injunctive relief and the nature of the allegations, I referred this case to the court's Pro Bono Program.[7] Unfortunately, however, no pro bono attorney has been willing to represent Bacon.  And despite

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a damages remedy for a Fourth Amendment search and seizure violation by federal officers despite the lack of statutory authorization).

[2] ECF No. 5 at 20–22.

[3] *Id.*

[4] *Id.* at 12–13, 16–18, 20.

[5] *Id.* at 20.

[6] *Id.* at 12–14, 21.

[7] ECF No. 18.

the guidance I provided in my previous screening order, Bacon has not prayed for injunctive relief.  Instead, Bacon filed a first amended complaint (FAC) seeking only monetary damages.[8] Bacon then filed an unsigned amended civil rights complaint that he also referred to as a "First Amended Complaint."[9]  In that unsigned pleading, he also seeks damages and did not include any claims or requests for injunctive relief.[10]

Federal Rule of Civil Procedure 11(a) requires every document filed with the court by a pro se plaintiff to be signed by the plaintiff.  Because Bacon did not sign his second amended complaint, the operative complaint here is the signed FAC in the docket at number 19, and it is that original FAC that I now screen.[11]

**B.     Bacon's factual allegations and causes of action**

The FAC alleges that the defendants subjected him to unsafe conditions of confinement while he was at NSDC, which is a prison operated by Core Civic and used as a transfer point for federal prisoners and detainees such as Bacon, and he alleges that some of Core Civic's employees failed to provide him with medical care.[12]  Bacon sues Core Civic, Core Civic's Warden at NSDC Brian Koehn, Core Civic's Assistant Warden at NSDC Ms. Laurer, and United States Marshal Mr. Jefferson.[13]  He brings Eighth Amendment claims for deliberate indifference

---

[8] ECF No. 19.

[9] ECF No. 24.

[10] *Id*. at 15, 17.

[11] For the reasons discussed below, I will not give Bacon leave to file a signed second amended complaint as it would not remedy the deficiencies that are in the FAC.

[12] ECF No. 19 at 3–9.

[13] *Id.* at 1–2.  Bacon also mentions John Does, *id.* at 2, but he has not alleged facts sufficient to state a colorable *Bivens* claim against any John Doe.

to unsafe conditions of confinement and Eighth Amendment claims for deliberate indifference to serious medical needs.[14]

Bacon, a federal prisoner, stated in his original complaint that he was bringing a *Bivens* action, although he used a § 1983 complaint form.[15]  As I stated[16] in my screening order on the original complaint, Bacon's claims were not brought against state employees acting under color of state law, so Bacon clearly could not bring his Eighth Amendment claims seeking damages in a § 1983 action and his claims actually were *Bivens* claims.  However, in the caption of the First Amended Complaint, Bacon refers to the First Amended Complaint as a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."[17]  This case is *not* a § 1983 action; none of the defendants are state actors acting under color of state law.  Rather, this civil-rights action seeks damages for alleged Eighth Amendment violations and is brought by a federal prisoner based on alleged conduct by people working at a privately operated prison for federal prisoners, making it a *Bivens* action.

## Discussion

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[18]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

---

[14] *Id.* at 2, 10.

[15] ECF No. 1-1 at 1.

[16] ECF No. 5 at 1.

[17] ECF No. 19 at 1.

[18] *See* 28 U.S.C. § 1915A(a).

relief from a defendant who is immune from such relief.[19]  In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted."[20]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[21]  In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff.[22]  A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."[23]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[24]  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]  The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient.[26]

---

[19] *See* 28 U.S.C. § 1915A(b)(1), (2).

[20] 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P.12(b)(6).

[21] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[22] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[24] *Id.*

[25] *Id.*

[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[27] all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[28]  If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[29]

**B.     Analysis of Bacon's claims**

       *1.     Claims against Core Civic*

When I screened Bacon's original complaint, I advised[30] him that I was dismissing his *Bivens* claims against Core Civic with prejudice and without leave to amend because Core Civic, as a private company operating NSDC, may not be held liable in a *Bivens* action.[31]  Bacon nevertheless once again sues Core Civic for Eighth Amendment violations, seeking damages in this *Bivens* action.[32]  I once again dismiss the *Bivens* claims against Core Civic with prejudice

---

[27] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[28] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[29] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[30] ECF No. 5 at 16.

[31] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (holding that *Bivens* does not extend to private entities acting under color of federal law).

[32] ECF No. 19 at 1, 10.

and without leave to amend because amendment would be futile.  The law simply does not allow Bacon to bring *Bivens* claims against Core Civic.[33]

Even if Bacon were to sign his unsigned second amended complaint, that step could not cure these deficiencies.  In his unsigned amended complaint, Bacon has added allegations that Core Civic, NSDC, and their staff have not engaged in practices that would prevent COVID-19 from entering NSDC and prevent an outbreak from occurring there.  He alleges that they do not care about protecting him and have told him that they care only about fulfilling their contract with the United States Marshals Service, thus showing that their concern is about their bottom line, stock options, and portfolios rather than about Bacon and others at NSDC.[34]  It is understandable that Bacon would be angry under these circumstances.  However, such allegations do not make Core Civic subject to suit in a *Bivens* action.  If Bacon wishes to pursue damages claims against Core Civic, he must do so by bringing a case against Core Civic for violations of Nevada tort law, not through this *Bivens* action alleging constitutional violations.  In fact, as the Supreme Court has recognized, a plaintiff in circumstances like these may be more successful pursuing tort claims than he would have been if he pursued Eighth Amendment claims, especially since the owners and operators of private prisons are not subject to suit in federal civil-rights actions under a theory of respondeat superior but may be subject to suit under such a theory in state tort actions.[35]  If Bacon wishes to pursue Nevada state tort claims against Core Civic, he must bring them in the appropriate action and must comply with any applicable

---

[33] He also cannot bring § 1983 claims against Core Civic.

[34] ECF No. 24 at 3–4.

[35] *Minneci v. Pollard*, 565 U.S. 118, 129–30 (2012).

statutes of limitations setting time limits for the filing of such actions.  He may *not* pursue any *Bivens* claims against Core Civic.

### 2. *Claims against defendants employed by Core Civic at NSDC*

The FAC's Eighth Amendment claims contain numerous allegations concerning Core Civic employees, including Core Civic NSDC's Warden Brian Koehn and Assistant Warden Ms. Laurer.[36]  The FAC alleges that the Core Civic employees created unsafe conditions of confinement for Bacon at NSDC, resulting in an increased risk that he would be infected with COVID-19.[37]  And as part of his Eighth Amendment claim, the FAC alleges that Bacon was denied medical care.  Bacon alleges that he felt sick and that the Deputy Warden and head of Medical at NSDC said that, because Bacon did not have a temperature, he did not qualify for medical treatment.[38]  The FAC also alleges that Bacon was called down to Medical and a nurse had him stand on a line and look at a chart on a wall and then told him that he did not qualify for glasses.[39]  In addition, the FAC alleges that Bacon has been trying to obtain his regular medication, went days without this medication, and informed the NSDC nurses, staff, and the Deputy Warden about the situation.[40]  Thus, the FAC appears to bring Eighth Amendment claims against Core Civic employees for deliberate indifference to (1) unsafe conditions and (2) serious medical needs.

The circumstances that can give rise to a *Bivens* claim are few, and Congress has not authorized damages in these *Bivens* claims brought by Bacon against the Core Civic employees.

---

[36] ECF No. 19 at 3–9.

[37] *Id.*

[38] *Id.* at 8.

[39] *Id.*

[40] *Id.*

In the *Bivens* case, the Supreme Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures.[41]   However, in *Ziglar v. Abbasi*, the Supreme Court significantly limited the availability of *Bivens* actions, stating that expanding the *Bivens* remedy is a disfavored judicial activity.   The High Court thus cautioned lower courts not to expand *Bivens* remedies outside the contexts of the three previously recognized *Bivens* claims in the absence of affirmative action by Congress.[42]   Even a modest extension is considered a new context.[43]

When a *Bivens* action is brought in a context different from the three recognized situations—none of which is present here—extension of *Bivens* to the new context is generally improper when alternative remedial structures exist.   The existence of alternative remedial structures alone may limit the power of the court to infer a new *Bivens* cause of action.[44]

---

[41] *Bivens*, 403 U.S. at 397.

[42] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–61 (2017) (citing its three prior cases of *Bivens*); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (permitting a damages remedy for gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (allowing a *Bivens* damages remedy for Eighth Amendment claim for deliberate indifference to serious medical needs brought by survivor of prisoner who allegedly died because prison officials deprived him of necessary medical treatment)); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A *Bivens* claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.").

[43] *Ziglar*, 137 S. Ct. at 1864; *see also Thomas v. Matevousian*, 2019 WL 266323, at *1–2 (E.D. Cal. Jan. 18, 2019) (recognizing that Eighth Amendment conditions of confinement claim was a new context and refusing to extend *Bivens* to those claims); *Van Gessel v. Moore*, 2020 WL 905216, at *9–12 (E.D. Cal. Feb. 25, 2020), *report and recommendation adopted*, 2020 WL 1812150 (E.D. Cal. Apr. 9, 2020) (recognizing that Eighth Amendment failure to protect claim was a new context for purposes of determining whether *Bivens* remedy was available).

[44] *Ziglar*, 137 S. Ct. at 1858, 1863–65; *see also Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to extend *Bivens* to Fifth Amendment due process claim where plaintiff could have sued under tort law, even if tort claims ultimately were unsuccessful).

9

Alternative remedies and a potential *Bivens* remedy "need not be perfectly congruent."[45]  Thus, as I previously explained[46] to Bacon, *Bivens* does not extend to employees of private entities if there is an alternative remedial structure such as state tort actions and injunctive relief.[47]  Even where tort law may sometimes prove less generous than would a *Bivens* action, this does not render state law inadequate,[48] and the fact that a state-law claim may ultimately be unsuccessful does not mean that the plaintiff did not have access to an alternative or meaningful remedial structure.[49]  So, as I made clear to Bacon in my original screening order,[50] *Bivens* does not extend to claims brought against employees of a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law,

---

[45] *Minneci*, 565 U.S. at 129; *see also Vega*, 881 F.3d at 1155 (recognizing that the alternative remedial structure and the potential *Bivens* remedy need not be identical, and "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from a new and freestanding remedy in damages," including administrative, statutory, equitable, habeas, and state law remedies).

[46] ECF No. 5 at 17.

[47] *See Minneci*, 565 U.S at 131 (holding that *Bivens* claim may not be brought against employees working at a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law); *Malesko*, 534 U.S. at 74 (declining to apply *Bivens* where inmate in privately operated prison had full access to the remedial mechanisms established by the BOP, including suits in federal court for injunctive relief and grievances filed through the BOP's Administrative Remedy Program as set forth in 28 C.F.R. 542.10); *Vega*, 881 F.3d at 1148 (holding that *Bivens* did not apply because plaintiff had alternative means for relief against private entity's employees through 28 C.F.R. 542.10); *Schwarz v. Meinberg*, 761 F. App'x 732, 734–35 (9th Cir. 2019) (refusing to extend *Bivens* remedy to Fifth Amendment claim regarding BOP's refusal to place the plaintiff in a camp or to Eighth Amendment conditions of confinement claim because alternative remedies were available).

[48] *Minneci*, 565 U.S. at 129.

[49] *Vega*, 881 F.3d at 1155.

[50] ECF No. 5 at 17.

1   which would include a claim such as a negligent failure to protect a person against physical

2   harm.[51]

3          Here, Bacon's claims for deliberate indifference to unsafe conditions of confinement

4   against the Core Civic employees are different from those recognized in *Bivens*—both because

5   the claims raise issues regarding deliberate indifference to unsafe conditions and because they

6   are brought against the employees of a privately operated prison.  Bacon also has had access to

7   alternative remedial structures.  He could have brought constitutional claims for injunctive relief

8   in this court to address allegedly unconstitutional unsafe conditions, but he chose not to do so.

9   For example, one of Bacon's greatest concerns appeared to be transfers of other inmates to

10  NSDC over the course of months, and he could have brought a claim seeking an injunction to

11  stop such transfers.  He also could have brought a Nevada state tort law action, including for

12  claims like negligence.[52]  So, I conclude that it would not be consistent with current Supreme

13  Court precedent for me to extend *Bivens* in this context, and I dismiss Bacon's conditions-of-

14  confinement *Bivens* claims against the Core Civic employees.  And because it is clear that Bacon

15  cannot cure these *Bivens* claims against the Core Civic employees, I dismiss these claims with

16  prejudice and without leave to amend.

17         I also dismiss the Eighth Amendment claims against the Core Civic employees based on

18  alleged deliberate indifference to serious medical needs.  An Eighth Amendment claim for

19  deliberate indifference to serious medical needs brought against private prison employees is a

20  new context.  The Supreme Court has held that, if a federal prisoner seeks damages from

21  _____

22  [51] *See Minneci*, 565 U.S. at 128, 131 (recognizing that tort law provides for negligence actions concerning the failure to diagnose and treat and the failure to protect a person from unreasonable risk of physical harm and holding that *Bivens* actions are not available in such situations).

23  [52] *See, e.g.*, *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008) (outlining elements of negligence claims under state law).

defendants who are employed by an entity privately operating a federal prison, where "the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law" and the court cannot imply a *Bivens* remedy.[53]   Because Bacon has alternative remedies available, *see supra*, I dismiss the Eighth Amendment *Bivens* claims against the Core Civic employees for deliberate indifference to serious medical needs.   And because it is clear that Bacon cannot cure these *Bivens* claims either, I dismiss them with prejudice.

### 3.   *Claims against Jefferson*

The FAC appears to allege that Jefferson—unlike the other defendants—is a U.S. Marshal and therefore an employee of the federal government.   Bacon alleges that throughout the COVID-19 pandemic, the warden, deputy warden, the head of medical care, and Jefferson all continually lied about the prison's safety and response to the virus.   He adds that the prison's inadequate response allowed continued inmate-transfers from infected facilities, an outbreak at NSDC, insufficient testing, and needless exposure to infectious prisoners by using the same food trays for both NSDC inmates and detainees.[54]

In my screening order on Bacon's original complaint, I explained[55] that, to be liable for a *Bivens* claim, the *particular* defendant himself must have personally violated the plaintiff's constitutional rights.[56]   Thus, a plaintiff in a *Bivens* action must allege facts sufficient to show

---

[53] *Minneci*, 565 U.S. at 131.

[54] ECF No. 19 at 3–4.

[55] ECF No. 5 at 18.

[56] *Ziglar*, 137 S. Ct. at 1860 (holding that "*Bivens* is not designed to hold officers responsible for acts of their subordinates").

12

1  that each particular defendant violated his constitutional rights.[57]  I also informed[58] Bacon of the

2  limited availability of *Bivens* remedies.

3         In my original screening order, I also explained the applicable Eighth Amendment law

4  concerning deliberate indifference to unsafe conditions of confinement.[59]  The "treatment a

5  prisoner receives in prison and the conditions under which he is confined are subject to scrutiny

6  under the Eighth Amendment."[60]  The Eighth Amendment imposes duties on prison officials to

7  take reasonable measures to guarantee the health and safety of inmates.[61]  To challenge the

8  conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective

9  and subjective test.[62]  The objective prong requires a plaintiff to allege facts sufficient to show a

10 condition that is sufficiently serious to form the basis for an Eighth Amendment violation.[63]  In

11 the context of a current risk of future harm, the plaintiff must allege facts sufficient to show an

12 objectively intolerable risk of harm.[64]  To demonstrate the subjective element of deliberate

13 indifference to a serious threat to the inmate's safety, the prisoner must allege facts sufficient to

14 show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the

---

[57] *Iqbal*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[58] ECF No. 5 at 18.

[59] *Id.* at 13–14.

[60] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

[61] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[62] *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

[63] *Id.*

[64] *Farmer*, 511 U.S. at 846.

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[65]

Bacon has not alleged facts that would be sufficient to show that Jefferson himself knew that people were not being screened for COVID-19.  He also does not allege facts showing that Jefferson himself knew that the wrong trays were being used or that this was a danger to Bacon and Jefferson believed that it was a danger.  Bacon does not state a colorable conditions of confinement claim based on such allegations.

This claim also fails because a *Bivens* remedy is foreclosed under the circumstances of this case.  Conditions-of-confinement cases concerning prisoner safety constitute a new context beyond the three core *Bivens* situations, so the court must consider special factors like the availability of alternative remedies.[66]  When considering special factors, the decision whether to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide.[67]  This includes consideration of the risk of a disruptive intrusion by the judiciary into the function of other branches of government.[68]  Thus, a *Bivens* action is not the appropriate vehicle for challenging an entity's policy.[69]  This is true even when a plaintiff's lawsuit is confined to a particular officer if the claims would call into question the formulation and implementation of a general policy because this would necessarily require inquiry and discovery

---

[65] *Id*. at 837.

[66] *Malesko*, 534 U.S. at 69; *Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1058 (9th Cir. 2020) (holding that *Bivens* constitutional claims were precluded where Privacy Act constituted alternative remedial scheme even though the Privacy Act provided for relief against the FBI but did not provide for relief against individual federal officers).

[67] *Ziglar*, 137 S. Ct. at 1858.

[68] *Id.* at 1860.

[69] *Id.*

into the whole course of the discussions and deliberations leading to the policies and governmental acts being challenged, interfering with the roles of government officials and placing a burden on the time and efforts of government officials.[70]  Such concerns are particularly present when the plaintiff is challenging more than standard law enforcement operations or an individual instance of law enforcement misconduct.[71]

Here, Bacon has an adequate remedy under the Federal Tort Claims Act.  And though the mere existence of this remedy does not preclude a court from finding that a *Bivens* claim is available, there are other special factors here.  Bacon had other avenues of relief available, including a state-tort-law action against Core Civic and its employees or seeking an injunction against Jefferson.  Plus, Bacon's claims do not involve conventional, run-of-the-mill conditions-of-confinement claims and do not affect just one prisoner.  His claims instead address policies and practices affecting the Department of Justice and the Bureau of Prisons, as well as their prisoners and detainees throughout the country.  They also relate to local, state, and national policies and practices about transfers, housing, and medical treatment and testing, all of which involve complicated decision-making relating to resource management and public-health guidance.  Addressing such issues would likely intrude on other branches of government and burden personnel and resources.  Thus, the nature of these claims and issues counsel against the availability of a *Bivens* remedy for Bacon's claims against Jefferson.

---

[70] *Id.* at 1860–61.

[71] *Id.* at 1861–62 (declining to imply a *Bivens* remedy when respondents challenged large scale decisions concerning the conditions of confinement affecting hundreds of prisoners); *see also Zavala v. Rios*, 721 F. App'x 720, 721–22 (9th Cir. 2018) (holding that *Bivens* did not extend to prison-wide policy of declining to provide notice to inmates of rejection of mail); *Bolden v. Ponce*, 2020 WL 6143615, at *2 (C.D. Cal. Aug. 19, 2020) (holding that *Bivens* did not extend to challenge to federal prison's policies and practices concerning the COVID-19 pandemic); *Ojo v. United States*, 364 F. Supp. 3d 163, 175–77 (E.D.N.Y. 2019) (holding that *Bivens* did not extend to plaintiff's challenge to prison-wide policy or BOP policy).

So, I find that, under current law, a *Bivens* remedy is not available for Bacon's claims against Jefferson for deliberate indifference to unsafe conditions of confinement. And because amendment of these claims against Jefferson would be futile, and I dismiss these claims against Jefferson with prejudice and without leave to amend, leaving no claims. So I instruct the Clerk of Court to close this case.

**C.     Bacon's motions [ECF Nos. 11, 12, 13, 14, 16, 21, 25]**

Because I am dismissing all claims in this action with prejudice and without giving Bacon leave to amend, I deny all of the pending motions as moot, and I withdraw my referral of this case to the Pro Bono Program.

**Conclusion**

IT IS THEREFORE ORDERED that the operative complaint is the signed first amended complaint (ECF No. 19).

IT IS FURTHER ORDERED that **this action is dismissed with prejudice** and without leave to amend, and in forma pauperis status should not continue on appeal.

IT IS FURTHER ORDERED that Bacon's pending motions **[ECF Nos 11, 12, 13, 14, 16, 21, 25] are DENIED as moot**, and this case is unreferred from the Court's Pro Bono Program.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE. **No further documents may be filed in this closed case.**

Dated: March 9, 2021

_____
U.S. District Judge