UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael A. Bacon,<br><br>   Plaintiff<br><br>v.<br><br>Core Civic, et al.,<br><br>   Defendants | Case No.: 2:20-cv-00914-JAD-VCF<br><br>**Order**<br><br>[ECF Nos. 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57] |

Pro se plaintiff Michael A. Bacon brought a *Bivens*[1] action alleging that the conditions of his confinement at a privately run detention facility violated his Eighth Amendment rights. Because he applied to proceed *in forma pauperis*, I screened his claims under 28 U.S.C. § 1915A. That screening revealed that he failed to state a colorable *Bivens* claim, so I dismissed his complaint with limited leave to amend.[2] Bacon's amended complaint failed to cure the deficiencies I noted in my initial dismissal order, so I dismissed that complaint with prejudice and closed this case.[3] Bacon appealed, but the appellate court dismissed that appeal for lack of jurisdiction because his notice of appeal was untimely.[4]

In the intervening period between Bacon's notice of appeal and the Ninth Circuit's dismissal of his appeal, the magistrate judge in this case denied Bacon's motions "for addresses, class action, and copies" and "for docket sheets and for copies" because this court lacked jurisdiction to consider them while the appeal remained pending.[5] The magistrate judge

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] ECF No. 5.
[3] ECF No. 29.
[4] ECF No. 36; ECF No. 41.
[5] ECF No. 40.

instructed Bacon to refile the motions once the Ninth Circuit's mandate issued. Bacon now objects to that order, seeks to refile those motions for this court's consideration, and—through a series of additional motions, objections, letters, memoranda, notices, and requests for judicial notice—attempts to revive his case and his appellate rights. I recognize—and am sympathetic—that the developments in this case are frustrating to Bacon. But because I find that his arguments lack merit, I deny all his requests with one exception: I direct the Clerk of Court to send him a courtesy copy of the docket and the dismissal order in this case.

## Discussion

### I. Referral to this district's Pro Bono Attorney Pilot Program does not create a right to representation in civil-rights cases.

The central objection in many of Bacon's filings is that this court dismissed his case despite having granted his request for a pro bono attorney. This objection is grounded in a fundamental misunderstanding of what it means to have such a request granted.

There is no constitutional right to an attorney in a civil-rights case, but in an effort to assist some unrepresented plaintiffs with their cases, the District of Nevada adopted a Pro Bono Attorney Pilot Program.[6] The court has no funding to pay for such lawyers, so it relies on volunteer attorneys from the community to agree to represent pro se plaintiffs on a pro bono (free-of-charge) basis. Unfortunately, that resource is thin, so not all pro se plaintiffs whose matters are referred to the program ultimately get matched with attorneys. And when the program is unable to promptly find an attorney to take a referred case, the plaintiff remains unrepresented. That's what happened here. Although the court referred Bacon's case to the program in July 2020 with the goal of having it find an attorney to take his case, by the time the

---

[6] *See* General Order 2019-07.

court dismissed this case eight months later, the program had not located an attorney to take his case, so Bacon remained unrepresented. While it is true that Bacon's case was referred to the program, that referral did not entitle him to an attorney; the court's decision to refer his case to the program was no guarantee that the case would not get dismissed; this litigation was not stayed or paused while the search for counsel proceeded; and Bacon's unrepresented status does not now warrant reconsideration of this case's dismissal.

**II.  To the extent that Bacon seeks reconsideration of the court's dismissal order, his request is untimely and does not present extraordinary circumstances.**

Although none of Bacon's filings is styled as a motion for relief from a final judgment due to excusable neglect under Federal Rule of Civil Procedure (FRCP) 60(b), I liberally construe his objections to my dismissal order as one. Under FRCP 60(b), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding."[7] A motion for such relief can be based, in relevant part, on FRCP 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect," or on FRCP 60(b)(6), which provides a catch-all basis for relief based on "extraordinary circumstances."[8]

Bacon argues that this court lacked jurisdiction to dismiss his case while it was "suspended [due to the] COVID[-19] pandemic."[9] Bacon says that someone who spoke to him about the Pro Bono Attorney Pilot Program told him that the program was suspended during the

---

[7] Fed. R. Civ. P. 60(b).

[8] *Id.* at 60(b)(1), (6); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and citation omitted).

[9] ECF No. 42 at 1. Bacon also argues that the dismissal order is invalid because his complaint was dismissed before he was appointed an attorney through the program. But as stated above, the program's limited resources are such that cases can and do end before an attorney is located to represent a civil-rights plaintiff. This unfortunate reality is not something that provides a basis for relief from a with-prejudice dismissal of his case.

3

early days of the pandemic.[10]  It's not clear to whom he spoke or what basis that person gave for providing him with that information, and there is no program representative at the court for pro se litigants to speak to for this purpose.  But regardless of the status of the program or its efforts to find him an attorney, Bacon's case was never "suspended"—indeed the docket shows that Bacon knew his case continued to progress because he twice amended his complaint between his referral to the program and the dismissal of his case.[11]

Even if the incorrect information Bacon allegedly received gave rise to "mistake, inadvertence, surprise, or excusable neglect," his objection was lodged fifteen months after my dismissal order[12] and falls well beyond FRCP 60(b)(1)'s time restriction requiring such a motion to be filed within one year of the entry of judgment.[13]  And although FRCP 60(b)(6) does not have a time restriction, Bacon's circumstances are not so extraordinary that they warrant relief under that rule.  The pandemic undoubtedly impacted the judicial process, but it has been our shared reality for more than two years now, and it had been so for more than a year at the time I dismissed with prejudice Bacon's amended complaint.  So I deny his motion for reconsideration of the dismissal order.

---

[10] ECF No. 43 at 2.

[11] ECF No. 19; ECF No. 24.

[12] Bacon also appears to object to a "denial of [class] certification," ECF No. 42 at 6, but it is unclear in which order such a denial allegedly occurred.  In the screening order, ECF No. 5 at 2 n.7, I noted that pro se litigants cannot represent classes, but because there was no class-certification motion pending at the time of that order, I did not deny certification.  To the extent Bacon's objection is to the screening order, it was submitted 20 months after that order and is thus untimely.

[13] Fed. R. Civ. P. 60(c)(1) ("[a] motion under [this rule] must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . .").

### III. Bacon's requests for information and copies

Many of Bacon's requests have been filed with the court as letters or other forms of correspondence.[14] But the court does not correspond with litigants. As this district's local rules explain, attorneys and pro se parties "must not send case-related correspondence, such as letters, emails, or facsimilies, to the court."[15] Rather, "[a]ll communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice."[16] The court, including the Clerk of Court's office, takes no action in response to letters.[17]

In addition, an incarcerated litigant has no constitutional right to free photocopying. This is true even for indigent plaintiffs proceeding *in forma pauperis* because the *in forma pauperis* statute does not authorize the court to pay the costs for an indigent litigant's copy requests.[18] A prisoner-litigant proceeding *in forma pauperis* who wants copies of electronically filed documents from the court must pay $0.10 per page to receive them.[19] So I deny all of Bacon's requests for copies. But I direct the Clerk of Court to mail Bacon without charge a copy of the docket sheet in this case, along with a copy of the dismissal order.

---

[14] *See, e.g.*, ECF No. 53.
[15] L.R. IA 7-1.
[16] *Id.*
[17] *See* L.R. 7-2, 7-3, IA 7-1.
[18] *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).
[19] L.R. IC 1-1(i)(5); 28 U.S.C. § 1914.

### IV.     Bacon's request to reinstate his appeal rights

Finally, Bacon asks this court to reinstate his right to appeal the dismissal of this case.[20] Though he did appeal,[21] that challenge was dismissed as untimely because it was filed more than eight months late.[22] Bacon argues that he is blameless for the delay because he was not sent a copy of the dismissal order.[23] But Bacon *was* sent a copy of that order, and it was returned as undeliverable because he had not yet notified the court of his change of address.[24] This district's local rules are clear: "A[] pro se party must immediately file with the court written notification of any change of mailing address . . . . Failure to comply with this rule may result in the dismissal of the action . . . ."[25] Bacon's failure to timely submit a notice of change of address does not provide a reason to reinstate his right to an appeal.

Even if Bacon's circumstances could justify reinstating his appellate rights, this court lacks the authority to grant Bacon's belated request to do so.  Federal Rule of Appellate Procedure (FRAP) 4 gives district courts the discretion to reopen the time to appeal under limited circumstances, and those circumstances do not exist here.  FRAP 4(a)(6) permits the district court to reopen the time to appeal if "the motion [to reinstate appellate rights] is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . whichever is earlier. . . ."[26]  Because Bacon filed his request more than 180 days after

---

[20] ECF No. 51.

[21] ECF No. 36.

[22] ECF No. 41.

[23] ECF No. 42 at 9.

[24] *See* ECF No. 29; ECF No. 31.  This case was dismissed on March 9, 2021.  *See* ECF Nos. 29, 30.  Bacon did not update his address until eight months later.  *See* ECF No. 34.

[25] L.R. IA 3-1.

[26] Fed. R. App. Proc. 4(a)(6).

the dismissal order was entered and more than 14 days after he received notice of that order,[27] reopening of the appellate deadline is not available from this district court.

### Conclusion

IT IS THEREFORE ORDERED that Bacon's motions, objections, letters, memoranda, and requests **[ECF Nos. 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57] are DENIED**.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SEND Bacon copies of the dismissal order [ECF No. 29] and of the docket sheet in this case**.

No further documents may be submitted in this closed case.

                                                                                        _____
                                                                          U.S. District Judge Jennifer A. Dorsey
                                                                                                      July 5, 2022

---

[27] Bacon's December 2, 2021, objection to the dismissal suggests that he had notice of it, *see* ECF No. 35, as does his February 16, 2022, objection.  *See* ECF No. 42.  But his request to reinstate appellate rights was not filed until May 11, 2022.  ECF No. 51.